UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── x
YEHUDA LAUBER,                                  :   Civil Action No.:
                                                :
                       Plaintiff,               :
                                                :
       vs.                                      :   COMPLAINT FOR VIOLATIONS OF THE
                                                :   FAIR CREDIT REPORTING ACT
EQUIFAX INFORMATION SERVICES,                   :
LLC, TRANS UNION, LLC, and BARCLAYS             :   DEMAND FOR JURY TRIAL
BANK DELAWARE,                                  :
                                                :
                                                :
                       Defendants.              :
                                                :
───────────────────────────────── x

Plaintiff Yehuda Lauber ("Plaintiff") brings this action against defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("TransUnion") and Barclays Bank Delaware ("Barclays"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Defendants Equifax and TransUnion (or "CRA Defendants") have been selling consumer background reports (commonly referred to as "credit reports") containing inaccurate information about Plaintiff's consumer background and credit history. In particular, CRA Defendants have been reporting that the "pay status" of a credit card account issued by Defendant Barclays (also referred to as "Furnisher" or "Furnisher Defendant") was 30 days past due even though the account was closed with a zero balance.

3. Plaintiff disputed this erroneous reporting in writing through the channels established by CRA Defendants for disputing consumer credit information. CRA Defendants, in turn, and as required by statute, notified Furnisher of Plaintiff's dispute. Yet, despite receiving the dispute, or notice thereof, Defendants willfully continued to report the inaccurate information.

4. CRA Defendants thus violated two different statutory provisions of the FCRA. First, they violated 15 U.S.C. §1681e(b), which requires credit bureaus to maintain reasonable procedures to ensure maximum possible accuracy in Plaintiff's consumer reports. Second, they violated 15 U.S.C. §1681i, which required them to conduct a reasonable reinvestigation into Plaintiff's dispute, report the account as disputed, and delete the inaccurate reporting, if necessary.

5. Likewise, Defendant Barclays violated its statutory obligation to conduct a timely and reasonable investigation of Plaintiff's dispute. It is reasonable to infer that CRA Defendants

notified Barclays of Plaintiff's dispute, as required by federal statute. *See* § 1681i(a)(2). Yet, instead of investigating and removing the inaccurate information, Barclays improperly verified that the information in Plaintiff's credit report was accurate.

6. To date, the inaccurate reporting remains on Plaintiff's credit report.

7. Accordingly, Plaintiff is entitled to actual, statutory, and punitive damages, and reasonable attorney's fees and expenses.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), and, because Defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, Defendants are subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff resides in Staten Island, New York, and qualifies as a "consumer" as defined and protected by the FCRA. *See* 15 U.S.C. § 1681a(c). Plaintiff is an individual, not an entity.

11. Defendant Equifax Information Services, LLC is a consumer reporting agency ("CRA") that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309. Equifax is registered to do business in the State of New York and may be served process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany,

New York 12207.  Defendant Equifax Information Services, LLC is a subsidiary of Equifax, Inc.  Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

12.    Defendant Trans Union, LLC is a consumer reporting agency that regularly conducts business in this judicial district.  Defendant Trans Union has a principal place of business located at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 80 State Street, Albany, NY 12207.  Defendant Trans Union qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disburses consumer background reports for remuneration to third parties.

13.    Defendant Barclays Bank Delaware is a transatlantic consumer and wholesale bank with global reach offering retail, commercial, investment, wholesale, private banking and wealth management products.  Defendant Barclays reported over $3 trillion in total assets, with its total income eclipsing $20 billion in 2018. Defendant Barclays qualifies as a "furnisher of information" as defined by 15 U.S.C. § 1681s-2(b) with its principal place of business located at 125 South West Street, Wilmington, DE 19801.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

14.    The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports.  Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

>(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
>(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
>(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
>(4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

15. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports by establishing reasonable policies and procedures in order to comport with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding consumers disputes and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

16. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in CRA Defendants fulfilling their duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

17. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation with respect to the

disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information. At a minimum, furnishers are required to mark the status of the tradeline/account as disputed on the consumer's background reports.

**Barclays**

18. CRA Defendants issued consumer background reports concerning Plaintiff that included inaccurate information about the payment status of Plaintiff's Barclays account.

19. The Barclays account was originally opened in December 2018. In July 2019, Plaintiff closed the account with a remaining balance of $0.

20. But although the account was closed with a $0 balance, Barclays continued to report in the payment status field of Plaintiff's credit report that the account was "30 Days Past Due."

21. This reporting was materially misleading because it created the misleading impression that Plaintiff was currently late on the payments for the Barclays account. It also misled prospective lenders into believing (albeit erroneously) that Plaintiff has a continuing payment obligation to Barclays, and artificially reduced Plaintiff's overall disposable income.

22. On January 21, 2020, Plaintiff sent letters to CRA Defendants disputing the erroneous reporting.

23. It is reasonable to infer that CRA Defendants notified Barclays about Plaintiff's dispute, as required by federal statute.

24. Nevertheless, CRA Defendants and Furnisher Defendant failed to conduct a reasonable investigation and failed to correct the reporting of the Barclays tradeline. Indeed, had

they performed the requisite investigation, they would have determined that it is inherently contradictory and nonsensical for a closed account with a $0 balance to also be late and past due.

**Plaintiff suffered harm from Defendants' willful, intentional, reckless and/or negligent misconduct**

25.   CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

26.   The inaccurate information includes personal identifying information, as well as the nature of Plaintiff's tradelines/accounts, including, but not limited to, Plaintiff's account with Furnisher Defendant.

27.   After noticing the inaccuracy reported by CRA Defendants, Plaintiff disputed it in writing via CRA Defendants' established mechanisms and procedures to dispute consumer credit information.  After CRA Defendants confirmed in writing that they intended to continue reporting inaccurate information, Plaintiff was denied the extension of further credit because of the inaccurate reporting. Despite being notified of the inaccurate information, CRA Defendants continue to publish inaccurate information in Plaintiff's consumer background reports.

28.   It is reasonable to infer that CRA Defendants notified Barclays about Plaintiff's dispute as required by federal statute.  As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendants should have then sent all the relevant evidence/facts to Furnisher Defendant and requested an explanation as to the reason the account/tradeline was being reported inacurately.  CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit

applications, or other relevant documents from Furnisher Defendant. CRA Defendants willfully, intentionally, recklessly, and negligently failed to take any of these steps subsequent to Plaintiff's dispute, and importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendants failed to maintain adequate policies and procedures**

29. CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports it published.

30. Upon receipt of Plaintiff's dispute, CRA Defendants were required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

31. CRA Defendants failed to take any of these steps in violation of the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and being denied the ability to obtain additional credit.

## CAUSES OF ACTION

### COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

32. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

33. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure* ***maximum possible accuracy*** *of the information concerning the individual about whom the report relates.*

15 U.S.C. §1681e(b).

34. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1).

35. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

36. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information, and still, CRA Defendants willfully, intentionally, recklessly, and negligently failed to perform a reasonable investigation and remove the inaccurate information.

37. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury, and they are therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)

38. Plaintiff incorporates the foregoing allegations as if set forth in full herein.

39. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) ***conduct an investigation with respect to disputed information***;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

40. Furnisher Defendant failed to conduct timely and reasonable investigations of Plaintiff's dispute after receiving notice of Plaintiff's dispute from CRA Defendant. Furnisher

- 9 -

Defendant has further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to CRA Defendants.

41. Instead of removing the inaccurate information, Furnisher Defendant improperly confirmed the inaccurate information that it has been reporting.

42. Furnisher Defendant's conduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

43. As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorney's fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 10, 2020                **COHEN & MIZRAHI LLP**
                                     EDWARD Y. KROUB


                                     _/s/ Edward Y. Kroub_
                                     EDWARD Y. KROUB

                              EDWARD Y. KROUB
                              MOSHE O. BOROOSAN
                              300 Cadman Plaza West, 12th Floor
                              Brooklyn, NY 11201
                              Telephone:  929/575-4175
                              929/575-4195 (fax)
                              edward@cml.legal
                              moshe@cml.legal

                              *Attorneys for Plaintiff*